UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cr15

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **PRELIMINARY ORDER** |
| v. | ) | **OF FORFEITURE** |
| | ) | |
| LAWRENCE B. GILLESPIE, JR. (1) | ) | |

In the Bill of Indictment in this case, the United States sought forfeiture of property of the defendant as property that was used or intended to be used to facilitate the drug crimes charged, which would be subject to forfeiture under 18 U.S.C. § 924(d) and 21 U.S.C. § 853(b)(2).

Defendant entered pleas of guilty to Counts One and Three in the Bill of Indictment; and was adjudged guilty of the offenses charged in those counts. The Court has determined based on evidence already in the record, including the defendant's plea, written plea agreement, and admission of the illegal acts alleged in Count One and Three of Bill of Indictment that the Government has established the requisite nexus between such property and such offenses.

It is therefore **ORDERED**:

1. Based upon defendant's plea of guilty, the United States is authorized to seize the following property belonging to defendant, and it is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n):

    a.    one (1) Glock .45, model 37 GAP, Serial Number GBH546;

    b.    one (1) Keltec 9mm, model P-11, Serial Number 115187;

    c.    one (1) Smith & Wesson .38 revolver, model Super Light, Serial Number J62709;

    d.    one (1) Ruger .44 revolver, model Red Hawk, Serial Number 50275128;

      e.      one (1) Bryco Arms 9mm pistol, model 59, Serial Number 618474;

      f.      one (1) Norinco .762 rifle, model SKS, Serial Number 18034626N; and

      g.      one (1) Winchester .12 shotgun, model Ranger, Serial Number N1001453.

2. Pursuant to 21 U.S.C. § 853(n)(1), the government shall publish as required by law notice of this Order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this order of forfeiture, as a substitute for published notice as to those persons so notified.

3. Upon adjudication of all third-party interests, this Court will enter a final order and judgment of forfeiture pursuant to 21 U.S.C. § 853(n).

      Signed: July 13, 2008

      Robert J. Conrad, Jr.
      Chief United States District Judge